UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC. | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 3:25-cv-528 |
| INTERNATIONAL PROTECTION | ) |
| INVESTIGATION AGENCY, LLC and | ) |
| REGINALD BROWN | ) |
| | ) |
|     **Defendants.** | ) |

## COMPLAINT

Plaintiff Hiscox Insurance Company, Inc. ("Hiscox") files this Complaint against Defendants Internal Protection Investigation Agency, LLC ("IPIA") and Reginald Brown ("Brown") (collectively, "Defendants"), and in support thereof, states as follows:

## PARTIES

1. Hiscox is an Illinois corporation with its principal place of business in Cook County, Illinois.

2. IPIA is a limited liability company organized under the laws of the State of Alabama with its principal place of business in Macon County, Alabama. Upon information and belief, IPIA is a citizen of Alabama because its members are citizens of Alabama.

3. Brown is a natural person and citizen of the State of Alabama.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Hiscox and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(a) and 1391(b)(2) because one or more Defendants reside in this District and because a substantial part of the events or omissions giving rise to this action occurred within this District.

## FACTUAL BACKGROUND

**A. The Application**

6. Prior to August 31, 2023, Brown completed and submitted an application ("Application") on behalf of IPIA in order to obtain commercial general liability insurance coverage from Hiscox.

7. Upon information and belief, Brown is the sole member of IPIA and completed the Application on IPIA's behalf.

8. In the Application, IPIA made certain representations regarding its business operations including, but not limited to, the following:

  a. IPIA represented that its "Class of Business" is "Legal Services"; and

  b. IPIA represented that its "ownership structure" is a "Not for profit Corporation".

| Your business | |
|---|---|
| Class of Business: | Legal services |
| Your business's ownership structure | Not for profit Corporation |
| Is your business operated out of your home? | No |
| Do you currently have an insurance policy in effect for the coverage requested? | No |
| **Legal services** | |
| Does your business perform any design, construction, installation, removal, or physical repair of any property or tangible good? | No |
| Do you or your business supply, manufacture, distribute any tangible goods or products? | No |

9. IPIA also represented that the information it provided in the Application was accurate and complete.

PD.49313047.1

| Other General Confirmation Statements | |
|---|---|
| • We will send documents by email or US mail to the address you have provided. You must notify us if your email or street address changes.<br>• For electronic documents, you will need a computer with Internet access and the ability to receive external emails; software such as Adobe Reader® to view and save PDF documents; and a printer to create paper copies.<br>• You can always withdraw your consent to receive documents by email. We will then send documents to you by US mail at no added cost.<br>• To update your email or street address, or to request paper documents, you can contact us at . | Agree to receive important notices by email |
| The information you provided is accurate and complete and has been used to accept your application and determine the terms and conditions your policy/policies. | |
| I have read the information above and confirm it is correct. I understand that by checking this box and providing the premium payment I agree that I am entering into a binding agreement with Hiscox Insurance Company Inc. | |

10. In reliance on IPIA's representations and statements made in the Application, Hiscox issued policy number P102.320.596.1 to IPIA, effective for the August 31, 2023 to August 31, 2024 policy period ("**2023-2024 Policy**"). A copy of the 2023-2024 Policy is attached hereto as **Exhibit 1**.

11. On or about July 17, 2024, Hiscox sent Brown, on behalf of IPIA, a notice of renewal that included a list of "Important Reminders" as follows:

**Important Reminders:**

Your business doesn't stand still, and neither should your insurance. Each new policy year is a good opportunity to review your coverage against any changes in your business to make sure your policy still fits your needs. Have any of the following happened in the last year?

- Your business grew or reduced gross sales or payroll by more than 25%.
- You have merged with or acquired another organization.
- Your business operations or services changed.
- Someone else bought your business.
- You or your business had a claim made against you or experienced a loss.
- Your card or payment information on file with Hiscox has changed.

If any of these took place, or if you have any questions about your renewing policy, please call us at 855-740-2349 and have your policy number ready so we can discuss the relevant details with you. If we do not hear from you, your policy will renew based on the information we already have on file, at our current rates. Your next period of coverage will then start on the date referenced above.

12. IPIA did not provide Hiscox with any information in response to the notice of renewal or indicate that the information contained within the Application was incomplete or incorrect.

13. In reliance on the representations and statements made by IPIA in the Application, Hiscox issued policy number P102.320.596.2 to IPIA, effective for the August 31, 2024 to August 31, 2025 policy period (the "**2024-2025 Policy**"). A copy of the 2024-2025 Policy is attached hereto as **Exhibit 2**.

14. The 2024-2025 Policy is a renewal of the 2023-2024 Policy. [Ex. 3, CGL D001 10 18, p. 1].

**B.   The Policies**

15. The 2023-2024 Policy and 2024-2025 Policy (collectively, the "**Policies**") identify IPIA as the only Named Insured and list IPIA's "Form of Business" as a "Not for profit Corporation" [CGL D001 10 18, p. 1].

16. The Policies' Section IV - Commercial General Liability Conditions provide, in part, as follows:

> **6.   REPRESENTATIONS**
>
> By accepting this Policy, you agree:
>
> **a.**   The statements in the Declarations are accurate and complete;
>
> **b.**   Those statements are based upon representations you made to us; and
>
> **c.**   We have issued this policy in reliance upon your representations.

[CG 00 01 12 07, p. 12 of 16].

17. Hiscox pleads all other terms, conditions, definitions, limitations, and exclusions of the Policy.

**C.   IPIA's Claim**

18. On or about March 3, 2025, Brown, on behalf of himself and IPIA, submitted a claim submission form to Hiscox regarding an incident that occurred on or about November 10, 2024.

19. In the claim submission form states, in part, that the "[i]nsured provided security for a company."

20. Thereafter, on or about March 4, 2025, Hiscox was provided with the complaints filed against IPIA and Brown in the following lawsuits:

   a. *Luke Sanders and Laylah Sanders v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900032) ("**Sanders Lawsuit**");

   b. *Taryon Edwards v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2024-900156) ("**Edwards Lawsuit**");

   c. *Tiffany Tate v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2024-900154) ("**Tate Lawsuit**"); and

   d. *Tamika Johnson and Larry Johnson, Jr., as mother and father of La'Tavion Jashun Johnson, deceased v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2024-900148) ("**Johnson Lawsuit**").

21. The Sanders Lawsuit, Edwards Lawsuit, Tate Lawsuit, and Johnson Lawsuit assert claims against IPIA, Brown, and others for personal injuries sustained as a result of a shooting incident that occurred on or about November 10, 2024 on the campus of Tuskegee University ("**November Incident**").

22. IPIA also provided Hiscox with a copy of an order entered in the lawsuit styled *Paris Beasley v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900036) ("**Beasley Lawsuit**").

23. The Beasley Lawsuit asserts claims against IPIA, Brown, and others for personal injuries sustained as a result of a shooting incident that occurred on or about September 24, 2023 on the campus of Tuskegee University ("**September Incident**").[1]

24. The Sanders Lawsuit, Edwards Lawsuit, Tate Lawsuit, Johnson Lawsuit, and Beasley Lawsuit (collectively, the "**Reported Lawsuits**") allege, in part, that at the time of the November Incident and September Incident:

   a. IPIA provided security services to Tuskegee University and/or organizations affiliated with Tuskegee University;

   b. Brown was an agent, servant, or employee of IPIA and contracted to provide police, security forces, and/or personnel to provide security and policing of the Tuskegee University and its students, guests and visitors; and

   c. IPIA, Brown, and others negligently, recklessly, and/or wantonly failed to: (1) provide adequate security and security forces; (2) have appropriately trained security officers, guards, or police officers at all the entry points; (3) adopt and implement methods and/or practices, which are reasonably adequate to prevent criminal activities and conditions where individuals were allowed to enter the campus while possessing firearms and ammunition; (4) warn students, guests, alumni, and visitors of potential criminal acts, possession of firearms, ammunition, and criminals, who would have access to Tuskeegee's campus. .

25. Based upon the allegations of the Reported Lawsuits and information obtained through Hiscox's investigation, Hiscox discovered that IPIA is a contract security company, providing security or guard services to its customers.

---

[1] On July 14, 2025, the Circuit Court of Macon County, Alabama entered an Order of Pro Tanto Dismissal dismissing the claims asserted against IPIA and Brown in the Beasley Action without prejudice.

26. Through Hiscox's claim investigation, it has also become aware that the following lawsuits have been filed against IPIA and Brown, which arise out of the November Incident:

   a. *Latroy Lamont Albert Wagner, Jr. v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900047) ("**Wagner Lawsuit**");

   b. *Madison Ashley v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900043) ("**Ashley Lawsuit**");

   c. *Haley Mack v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900084) ("**Mack Lawsuit**");

   d. *Jones, as guardian of S.M. v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900085) ("**Jones Lawsuit**");

   e. *Kimora Bean v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900086) ("**Bean Lawsuit**"); and

   f. *Antonio Cameron v. IPIA et al.,* Circuit Court of Macon County, Alabama (46-CV-2025-900103) ("**Cameron Lawsuit**") (collectively, "**Additional Lawsuits**").

27. Hiscox has denied coverage to IPIA and Brown under the Policies in connection with the Reported Lawsuits and Additional Lawsuits.

28. Upon information and belief, additional claims and/or lawsuits may be filed against IPIA and Brown in connection with the September Incident, November Incident, and/or otherwise arising out of security services provided IPIA and Brown.

## COUNT I – RESCISSION

29. Hiscox adopts and incorporates by reference the allegations set forth in Paragraphs 1 through 28 above as if fully restated herein.

30. IPIA's misrepresentations, omissions, concealment of facts, and/or incorrect statements in the Application regarding its business operations were fraudulent and/or material to Hiscox's acceptance of the risk or to the hazard assumed by Hiscox under the Policies.

31. If Hiscox knew that IPIA operates as a contract security company and/or otherwise provides security or guard services to its customers, it would not have issued the Policies, would not have issued the Policies at the same premium, would not have issued the Policies in as large an amount, and/or would not have provided the same coverage with respect to the hazard assumed by Hiscox under the Policies.

32. IPIA's misrepresentations, omissions, concealment of facts, and/or incorrect statements in the Application regarding its business operations render the Policies void *ab initio*.

33. Hiscox seeks a judicial determination that it is entitled to rescind the Policies and that the Policies are void *ab initio* pursuant to Alabama Code § 27-14-7 (1975).

WHEREFORE, Hiscox respectfully requests that this Court order, adjudge, declare or decree that the Policies are rescinded; that the Policies are void *ab initio* pursuant to Alabama Code § 27-14-7 (1975); and grant such other and further relief to which Hiscox may be entitled or as this Court may deem just and appropriate.

Dated: July 16, 2025

                                                Respectfully submitted,

                                                */s/A. Grady "Bo" Williams, IV*
                                                A. Grady "Bo" Williams, IV
                                                PHELPS DUNBAR LLP
                                                101 Dauphin Stree, Suite 1000
                                                Mobile, Alabama 36602
                                                Phone: 251-432-4481
                                                bo.williams@phelps.com

                                                Kenneth W. Boyles, Jr.
                                                PHELPS DUNBAR LLP

                        2025 3rd Avenue North, Suite 1000
                        Birmingham, AL 35203
                        Tel: (205) 716-5200
                        Fax: (205) 716-5389
                        kenneth.boyles@phelps.com

*Attorneys for Plaintiff*
*Hiscox Insurance Company, Inc.*

PD.49313047.1